# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| ERIC JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:19-06127-CV-RK |
| | ) |
| HEARTLAND COCA-COLA BOTTLING COMPANY, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER DENYING BIFURCATION OF CLASS DISCOVERY

Before the Court are the parties' responses to this Court's Order directing briefing about whether to bifurcate class discovery from merits discovery in this action under the Fair Credit Reporting Act ("FCRA"). (Doc. 10; Doc. 12.) Plaintiff argues that "a single-phase discovery plan is the most efficient means to proceed" because bifurcation would "only incentivize[] conflict and needlessly increase[] the cost of litigation." Defendant argues that bifurcation "would be proportional to the claims in this case and appropriately increase judicial efficiency." The Court agrees with Plaintiff.

Under Rule 23 of the Federal Rules of Civil Procedure, the Court must decide whether to certify a class "[a]t an early practicable time after a person sues or is sued as a class representative." Fed. R. Civ. P. 23(c)(1)(A). "[S]ometimes it may be necessary for the [C]ourt to probe behind the pleadings before coming to rest on the certification question." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (quotation marks and citation marks omitted). Class certification requires a "rigorous analysis," which frequently "entail[s] some overlap with the merits of the plaintiff's underlying claim." *Id.* at 350-51 (quotation marks omitted). On the other hand, "discovery relevant only to the merits may delay the certification decision and ultimately prove unnecessary." *Glass v. S & M Nutec, LLC*, No. 06-0853-CV-W-GAF, 2007 WL 9718128, at *1 (W.D. Mo. Feb. 23, 2007).

Here, the Court agrees with Plaintiff that a single-phase discovery plan is the appropriate approach in this case. From a judicial economy standpoint, bifurcation is likely to create litigation in this case over an artificial distinction between "class" and "merits" discovery. *See* Advisory Committee Notes on 2003 Amendment to Rule 23 ("Active judicial supervision may be required

to achieve the most effective balance that expedites an informed certification determination without forcing an artificial and ultimately wasteful division between 'certification discovery' and 'merits discovery.'"). The parties have already reached an impasse on this issue. Specifically, Defendant has refused to produce documents that it "used to disclose to the Plaintiff that a consumer report would be procured for employment purposes" and documents "in which the Defendant received authorization from the Plaintiff to obtain a consumer report for employment purposes," on the ground that these documents go only to the merits. However, these documents may also reveal information about Defendant's FCRA policies and practices, which would go to class certification. Furthermore, although policing this type of dispute might be necessary in some cases, and "[w]hile there is little doubt that bifurcated discovery may increase efficiency in a complex case," *In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d 604, 612-13 (8th Cir. 2011), the Court is not persuaded that this case is sufficiently complex to require bifurcation.

Defendant also argues that allowing merits discovery at this stage would be disproportionate to the needs of the case because Plaintiff was likely the only person in the proposed class who did not receive an appropriate FCRA notice. In support of this assertion, Defendant has submitted an affidavit stating that Plaintiff and all other potential plaintiffs were mailed appropriate FCRA disclosures in accordance with Defendant's standard operating procedures. However, Plaintiff is still entitled to discovery to contest Defendant's position. As discussed above, at least some class discovery is likely to be enmeshed with the merits. While there may be some areas of inquiry that go only to the merits, Defendant has failed to demonstrate disproportionality. The fact that Defendant believes no other class members exist is insufficient to show that allowing merits discovery at this stage is disproportionate to the needs of this case.

Accordingly, after careful consideration, bifurcation of discovery is **DENIED**. A scheduling order will follow.

    **IT IS SO ORDERED.**

                                                         s/ Roseann A. Ketchmark
                                                         ROSEANN A. KETCHMARK, JUDGE
                                                         UNITED STATES DISTRICT COURT

DATED: January 8, 2020